UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,
    Plaintiff,

                                              Case No. 13-cv-13998
v.                                           Honorable Patrick J. Duggan

JOHN DOE subscriber assigned IP address
76.112.100.46,
    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

On September 18, 2013, Plaintiff Malibu Media LLC ("Malibu Media") filed this lawsuit against an unknown individual alleging that the individual downloaded or shared Malibu Media's copyrighted works through an online, file-sharing network. Presently before the Court is Plaintiff's Motion for Leave to File a Third Party Subpoena Prior to a Rule 26(f) Conference, also filed September 18, 2013. Plaintiff filed the motion seeking to propound discovery requests upon Internet Service Provider ("ISP") Comcast Cable in order to identify the individual associated with the Internet Protocol ("IP") address from which the alleged infringing conduct was committed. For the reasons that follow, the Court grants Malibu Media's motion for immediate discovery with certain conditions.

Malibu Media is the owner of federally registered copyrights to at least

thirty-three motion pictures ("Works"). (*See* Compl. Ex. B.) Malibu Media claims Defendant has copied and distributed the Works via the Internet, without Malibu Media's authorization, permission, or consent. (*See, e.g.*, Compl. ¶¶ 2, 20.) Malibu Media hired IPP, Limited ("IPP") to identify the IP address being used by the individual conducting the alleged infringing activity. (*Id*. ¶ 18.). Through IPP, Malibu Media identified Defendant's IP address and determined that Defendant used the internet system of the above-identified ISP. (*See* Mot. Ex. D.)

Malibu Media establishes that "good cause" exists for it to serve a third-party subpoena on Comcast Cable in advance of a Rule 26(f) conference. *See Artista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004)); *Artista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (citing cases). Malibu Media makes a *prima facie* showing of a claim of copyright infringement, submits a specific discovery request, and establishes that there are no alternative means to obtain the information that its seeks through the discovery, there is a central need for the information, and Defendant has a minimal expectation of privacy. *Id*. It is clear to the Court that Defendant must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Malibu Media's Motion for Leave to

Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, **with certain limitations outlined herein**. Malibu Media will be allowed to serve immediate discovery on the ISP to obtain the identity of Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify Defendant, including name, current (and permanent) addresses, telephone number, email address, and Media Access Control address. Malibu Media shall attach a copy of this Opinion and Order to the subpoena. Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Malibu Media in response to the Rule 45 subpoena may be used solely for the purpose of protecting Malibu Media's rights as set forth in the Complaint.

If and when the ISP is served with a subpoena, it shall give written notice, which may include email notice, to the subscriber in question within five (5) business days. If the ISP or Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

**SO ORDERED**.

Date:  September 20, 2013            s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copy to:
Paul J. Nicoletti, Esq.